

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

**LaRai Everett**
*Assistant United States Attorney*
LaRai.Everett@usdoj.gov

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4869*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

August 12, 2025

The Honorable Chief Judge George L. Russell, III
United States District Court for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    United States v. Lawrence Smith,
           Criminal No. GLR-24-241

Dear Chief Judge Russell:

    I am writing to state the government's sentencing recommendation in the above-referenced case. For the reasons discussed below, the government respectfully requests that the Court impose a sentence at the top the United States Sentencing Guidelines ("U.S.S.G.") range, that is 87 months imprisonment to reflect the serious nature of the offense.

### Sentencing Procedure

    In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth a multi-step process for imposing sentence in a criminal case. *Id*. at 51-52. A sentencing court should begin by correctly calculating the applicable guidelines range. *Id*. at 49. After providing the parties with an opportunity to present argument, the district court should then consider the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 49-50. *See also United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011).

### Sentencing Guidelines Calculation

    The government agrees with the findings of the Presentence Report (PSR), which accurately reflects the Defendant's base offense level, 26, with a criminal history category of IV. PSR ¶¶ 14 - 19, 37. Specifically, under the U.S.S.G., the Defendant's base offense level is 22 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(4)(A), because the Defendant committed the instant offense involved a semiautomatic firearm capable of accepting a

large capacity magazine and the instant offense was committed subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. PSR ¶ 14. Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), an additional four points were added because the Defendant used and possessed the firearm and ammunition in connection with another felony offense. PSR ¶ 15. The Defendant accepted responsibility for his misconduct and accordingly the government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). PSR ¶ 21. The government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. PSR ¶ 22. Therefore, the adjusted offense level is 23. PSR ¶ 23.

His criminal history category is IV, which accounts for a total criminal score of nine. PSR ¶ 37. The Defendant committed the instant offense while under a criminal justice sentence which added a point to his criminal convictions score. PSR ¶¶ 35 – 36. As a result, his sentencing guidelines are 70 to 87 months.

## Factors Set Forth in 18 U.S.C. § 3553(a)

The government believes the following 3553(a) factors are most relevant in this case:

I.     Nature and Circumstances of the Offense (3553)(a)(1))

The Defendant accepted immediate responsibility for his actions and acknowledged that he knowingly possessed all the contraband which was found in his bedroom, which included a loaded firearm, ammunition and drugs. What is most alarming about the facts in this case and what was stipulated to in the plea agreement is that several children were in the home where the Defendant possessed a loaded firearm along with several rounds of ammunition, and a 50-round drum magazine. Furthermore, several other drugs were also recovered that included a bag containing over 60 grams of fentanyl as well as containers that had small quantities of psilocyn, 18 methamphetamine pills, 10 jugs of cocaine, 160 packets of suspected marijuana, and around 35 strips of buprenorphine.

The Defendant's possession of any of these items is concerning and by him doing so in a house he shared with his children is very troubling. Furthermore, possessing a firearm loaded with 22 rounds and a high-drum magazine that has a capacity to hold 50 rounds in a community plagued by street and gun violence was obviously dangerous. Clearly, if the Defendant had chosen to, he would have had the ability to inflict significant harm.

II.    and Characteristics of the Offender (3553(a)(1))

The Defendant is a category IV with 9 criminal history points. PSR ¶ 37. The convictions include driving infractions, two misdemeanor drug convictions and one felony drug conviction as well as a violent offense for attempted first degree murder with use of a firearm. PSR ¶¶ 28 - 32.

His last convictions involved a second-degree assault and a possession of contraband in a place of confinement. PSR ¶¶ 33 – 34. He was still on probation for the second-degree assault conviction when he was arrested on the instant offense. It is also concerning that while he was incarcerated, he was charged with contraband. Additionally, he previously served significant time for attempted murder, when he was sentenced to a 30-year sentence with 20 years of that sentence suspended. PSR ¶ 32. A 10-year sentence should have been a deterrent, but instead the Defendant finds himself in possession of items that could kill or cause significant harm to others.

The government would typically point to this combination of prior violence, prior drug-trafficking, and current firearms possession as a dangerous combination indicating a risk to the public from future crimes by the Defendant. There is such a risk here, and the government is recommending a sentence of 87 months for that reason.

As to the Defendant's personal characteristics, per the PSR, the Defendant is 38 years old. His childhood was clearly marked with difficulties given his parents substance abuse problems. Despite these difficulties, his grandmother cared for him and adopted him at an early age and all his needs were met while he was growing up. As noted in the PSR, the Defendant has also struggled with sobriety. ¶¶ 61 – 67.

Though the Defendant does not have his high school diploma or GED, he did obtain a roofing certificate while previously incarcerated. PSR ¶¶ 68 -69. He also maintained employment from 2009 to 2011. The Defendant clearly can be law-abiding citizen and based on the several support letters provided by his counsel to the Court, it appears that the Defendant certainly can be an upstanding citizen. However, the government still has concerns and does not believe a sentence below the guidelines is appropriate in this case.

III.    <u>The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (3553(a)(2))</u>

A case like this one requires a sentence that will reflect the seriousness of the offense, deter crimes by other potential drug and gun offenders, and protect the public from future such crimes by the Defendant. The stipulated facts set forth in the plea agreement established that the Defendant possessed a loaded firearm, ammunition and drugs. There is no doubt that this is a serious crime.

Deterrence is another factor for the court to consider. Clearly, the Defendant poses a significant risk to the community. Given that the Defendant is now 38 years old, perhaps *now* he will be deterred from future criminal conduct given his age and his future goals.

Prosecution in federal court was particularly appropriate in this case given that prior interventions in state court have failed to prevent continued criminal behavior by the Defendant.

For all reasons stated herein, the government believes, that a sentence at the top of the U.S.S.G. range is appropriate given what was recovered during the search of the Defendant's home.

In consideration of the § 3553(a), a sentence at the top of the U.S.S.G. guidelines is an appropriate sentence and balanced in light of the sentencing factors. The government believes that a sentence of 87 months imprisonment would be sufficient but not greater than necessary to achieve the required purposes of sentencing.

The government thanks the Court for its consideration of this matter.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: LaRai Everett
Assistant United States Attorney

cc: Cara Kurtz Halverson, Esq.
Summer Akhtar, Esq.
Helen Domico, U.S. Probation Officer